UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROBERT PENN, | ) |
| *Petitioner*, | ) Case Nos. 1:23-cv-114 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Christopher H. Steger |
| *Respondent*. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner seeks relief from the Court's judgment in this case because he argues the offense for which he was convicted, 18 U.S.C. § 922(g), is unconstitutional in light of the Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.* at 2.) For the following reasons, Petitioner's motion (Doc. 1) will be **DENIED**.

### I. BACKGROUND

On July 14, 2020, this Court entered judgment, sentencing Petitioner to 180 months imprisonment followed by a three-year term of supervised release after Petitioner pled guilty to one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). (*See* Doc. 111 in Case No. 1:17-cr-113.) Petitioner did not file an appeal. On May 15, 2023, Petitioner filed the instant § 2255 motion. (Doc 1.)

### II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to

determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness of the Motion

As a threshold matter, Petitioner's motion is not timely and can be denied on that basis. Petitioner did not appeal the district court's judgment. Therefore, the one-year limitation period began running from the date the judgment of conviction was entered, on July 14, 2020. Petitioner filed the instant petition on May 15, 2023—nearly two years outside the one-year statute of limitation window he had to do so. (Doc. 1.) While Section 2255 provides that the time limit may start running from the date when the right asserted was initially recognized by the Supreme Court, that right must be newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f).

Petitioner argues that by issuing its decision in *Bruen*, it recognized a "new and retroactive rule." (Doc. 1, at 1.) Therefore, Petitioner argues that he brings his claim within the one-year statute of limitations. However, for reasons explained below *Bruen* did not recognize the right of a person who has been convicted of a felony to possess a firearm. *See generally*


3

Case 1:23-cv-00114-TRM-CHS   Document 7   Filed 02/29/24   Page 3 of 6   PageID #: 31

*Bruen*, 142 S. Ct. 2111. Therefore, Petitioner's motion is untimely and will be dismissed.

  **B.**  **Merits of the Motion**

  However, had Petitioner's motion been timely filed, the Court still would not find it persuasive. Petitioner argues that Section 922(g) is unconstitutional as applied to him. (Doc. 1, at 7.) Defendant's challenge is based on the Supreme Court's decision in *Bruen*. In *Bruen*, the Supreme Court announced a new test to determine whether a firearm regulation violates the Second Amendment. *Id.* at 2131. The test focuses on whether the challenged firearm regulation is consistent with historical firearm regulations. *Id*. Defendant argues that by announcing this test, *Bruen* abrogated all Sixth Circuit and Supreme Court cases which found Section 922(g) to be constitutional. (Doc. 1, at 7.) However, *Bruen* did not concern a challenge to Section 922(g). *Bruen*, 142 S. Ct. 2111. Because neither the Sixth Circuit nor the Supreme Court has yet addressed if or how *Bruen* affects the constitutionality of Section 922(g), this Court must follow precedent squarely addressing the issue. *See United States v. Gleaves*, 654 F. Supp. 3d 646, 650–51 (M.D. Tenn. 2023) ("Absent a clear directive from the Supreme Court, this Court is bound by Sixth Circuit precedent [addressing Section 922(g)].").

  The Sixth Circuit has repeatedly and unequivocally held that Section 922(g) is constitutional. *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (finding that "Congress's prohibition on felon possession of firearms is constitutional"); *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010) ("[T]his Court has held that § 922(g)(1) comports with the Second Amendment"); *United States v. Napier*, 233 F.3d 394, 404 (6th Cir. 2000) ("[W]e accordingly hold that § 922(g)(8) does not violate the Second Amendment.") As recently as 2022, the Sixth Circuit rejected the argument that Section 922(g) violated the Second Amendment. *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *2 (6th Cir. Mar. 7,

2022) ("[W]e have repeatedly found that prohibitions on felon possession of firearms do not violate the Second Amendment.").

While these are pre-*Bruen* decisions, the Court is bound to follow Sixth Circuit precedent holding Section 922(g) constitutional unless that precedent is expressly overruled. Other district courts in this circuit have reached the same conclusion. *United States v. Ross*, No. 1:23-CR-20168, 2023 WL 7345908 (E.D. Mich. Nov. 7, 2023) ("These pre-*Bruen* opinions remain binding on this Court."); *United States v. McNeil*, No. 2:23-CR-20229, 2023 WL 6627972, at *2 (E.D. Mich. Oct. 11, 2023) (finding that despite the test laid out in *Bruen*, "the Sixth Circuit's precedent in *Carey* requires this Court to reach the [] conclusion" that Section 922(g)(1) is constitutional); *United States v. Brown*, No. 1:22-CR-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) ("This Court is bound by Supreme Court and Sixth Circuit precedent finding [Section 922(g)] . . . constitutional."); *United States v. Brooks*, No. CR 23-26-DLB-CJS, 2023 WL 6880419, at *3 (E.D. Ky. Oct. 18, 2023) ("Without Sixth Circuit case law to the contrary, this Court finds that § 922(g)(1) is constitutional . . . despite the new test outlined in *Bruen*."). The Court finds no reason to vacate Petitioner's sentence.

IV. **CONCLUSION**

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C.

§ 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**